Case 1:11-cv-00260-ECH Document 31 Filed 02/06/12 Page 1 of 8

ORIGINAL

FILED

FEB - 6 2012

U.S. COURT OF
FEDERAL CLAIMS

Scott R. Martin

P.O. Box 1407

50 South Virginia Street

Reno, Nevada 89501

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| SCOTT R MARTIN | **1:11-cv-00260-ECH** <br> (Chief Judge Emily C. Hewitt) |
| v. | Motion for Reconsideration |
| UNITED STATES | of Dismissal Judgment, <br> of January 13, 2012 |

Date: February 03, 2012       By U.S.P.S. Express Mail EI 148464601 US

The Plaintiff, Scott R. Martin, a non attorney and unschooled in law, requests this Court to take Judicial Notice of the enunciation of principles as stated in Haines v. Kerner, 404 U. S. 519, wherein the Court has directed that those who are unschooled in law making pleadings and/or petitions shall have the Court look to the substance of the pleadings rather than the form; and requests the guidance of this Court so as to remain honorable in all matters herein.

**Motion for Reconsideration**

This Motion for Reconsideration is submitted under RCFC 59(a)(1)(A), citing:

-1-

*The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'"* G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgage Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)),

Plaintiff moves this Court to Reconsider its January 13th, 2012 dismissal of Plaintiff's complaint for failure to state a claim upon which relief may be granted and lack of jurisdiction, because the court overlooked matters probative to establishing both a valid claim and this Court's jurisdiction, i.e.; Defendant's duty to respond and show authority for its actions. This motion is also brought to correct a manifest injustice in this case.

## This Court overlooked matters probative to Plaintiff's Claim by not considering Defendant United States Duty to Respond

Background

During 2010 and early 2011, Defendant United States, by and through its agents, Treasury / IRS, caused an alleged Notice Of Federal Tax Lien and an alleged Notice Of Levy to become operative against the interests of Plaintiff, eventually resulting in the larger part of Plaintiff's private pension to become attached for credit to IRS.

On February 18, 2011, Plaintiff served upon Defendant United States, by and through its agents, Treasury / IRS, a demand that Treasury / IRS show authority for its actions against Plaintiff. In this February 18, 2011 demand Plaintiff cited, as <u>identifying a duty to respond:</u>

"Silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading. Our revenue system is based on the good faith of the taxpayer and the taxpayers should be able to expect the same from the government in its enforcement and collection activities. If that is the case we hope our message is clear. This sort of deception will not be tolerated and if this is routine it should be corrected immediately." U.S. v. Tweel, 550 F.2d 297, 299.  See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.

The consideration of the duty to respond in this case might "reasonably have altered the result reached" :

1. Defendant United States, by and through its agents, Treasury / IRS, as well as USDOJ in its filings in this matter, have yet to show where this Plaintiff is liable for Assessment, the Notice Of Federal Tax Lien, and the associated Levy.

2. Because Defendant United States, by and through its agents, Treasury / IRS, as well as USDOJ in its filings in this matter, have yet to show where this Plaintiff is liable for Assessment, the Notice Of Federal Tax Lien, and the associated Levy, it could be reasonable to find that the silence of the United States is a fraud within the context of *U.S. v. Tweel*.

3. Had this Court considered the duty to respond, this Court could reasonably have found that the refusal or neglect of Treasury / IRS to show its authority to act against this Plaintiff when initially queried is at least "intentionally misleading".

4. Had this Court considered the duty to respond, this Court could reasonably have found that "intentionally misleading" constitutes a fraud in the context of *U.S. vs. Tweel.*

5. If the Court had found as outlined above regarding "duty to respond", "intentionally misleading", and "fraud", this Court could reasonably have found that Waiver Of Tort, identified by Plaintiff at the first and subsequent correspondence with Defendant United States, is a valid remedy for Plaintiff to pursue.

Definition: Waiver of Tort. The election by an injured party, for purposes of redress, to treat the facts as establishing an implied contract, which he may enforce, instead of an injury by fraud or wrong, for the committing of which he may demand damages, compensatory or exemplary. Black's Sixth, page 1581

6. If this Court could reasonably have found that Waiver of Tort is a choice of remedy available to this Plaintiff, then the Court could reasonably have found that Liquidated Damages could be a reasonable redress, in which:
Liquidated Damages are appropriate if:
  (1) the injury is either "uncertain" or "difficult to quantify";
  (2) the amount is reasonable and considers the actual or anticipated harm caused by the contract breach, the difficulty of proving the loss, and the difficulty of finding another, adequate remedy;  and
  (3) the damages are structured to function as damages, not as a penalty.

And no party has claimed otherwise.

## This Court must avoid manifest injustice

"'Manifest injustice' must be 'clearly apparent or obvious.'" Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002).

## Manifest Injustice

1. "*...plaintiff failed to allege that an IRS agent with actual authority to bind the government accepted an offer by plaintiff.*"

**1.** Plaintiff's Proofs of Claim in each complaint is evidence that both the General Counsel for Treasury, George W. Madison and Chief Counsel for I.R.S., William J. Wilkins, were identified as agents of the United States, and noticed in all mailings preceding the filing of Plaintiff's complaints that their conduct binds their indemnifying principal, United States. No response was received from any agent except by conduct. The IRS employees and offices responsible for promulgating the alleged liens and levies in this matter were similarly noticed.

Further, it is undisputed that the conduct of the United States, by and through its agents, does bind the United States as to compliance with statutory requirements and customary commercial practices when such conduct is directed against the interests of an individual.

For this Court to hold that the United States is not bound by the same statutory requirements and customary commercial practices when applied by this Plaintiff to hold the United States to account, is a denial of the equal protection of law, a manifest injustice.

2. "*Even if one of these individuals had authority to bind the government, there is no allegation by plaintiff of a response by any of them.*"

2. Since Waiver of Tort is based around implied-in-fact contract, and implied-in-fact contracts are formed by conduct, not a written agreement, then in this case conduct is a response. Plaintiff asserted such on record and no party has shown otherwise. If this Court had considered Defendant United States' duty to respond and show authority, then the Court could have reasonably concluded that in the lack of a written response, the conduct of United States could govern the establishment of an implied-in-fact contract, within the context of Waiver of Tort.

3. "*Second, plaintiff has failed to allege the existence of consideration.*" (*from this Court's Opinion and Order, page 9*)

3. If the United States' duty to respond were acknowledged by the Court, then the Court could have seen the torts of fraud and theft, and that Plaintiff waiving prosecution of these torts is consideration. Additionally, this Court could have found consideration in Plaintiff making no claim for the return of monies attached under color of an unauthorized levy. Plaintiff asserted such during pleadings, and no party has shown that waiving the torts and seized monies could not constitute consideration.

Plaintiff asserts it is "clearly apparent" and "obvious" that Plaintiff: (a) alleged "that an IRS agent with actual authority to bind the government accepted an offer by plaintiff," (b) alleged a response by conduct of authorized United States agents, and (c) alleged "the existence of consideration." Accordingly, Plaintiff asserts that the Court's January 13th, 2012 dismissal of Plaintiff's complaint is a manifest injustice which should be corrected by the Court.

4. *"which he imagines created an implied contract with the United States that now entitles him to the release of the lien, refund of all monies collected pursuant to the lien, and the payment to him of $5 million in liquidated damages."*
(*from this Court's Opinion and Order, page 2, quoting and regarding Def. Motion 6, and Plaintiff's Motion for Sanctions*)

4. Plaintiff asserts it is "clearly apparent" and "obvious" that the words and meaning of this element have been deliberately distorted by both the Court and counsel for Defendant, United States. As stated in both complaints, plaintiff's proofs of claims, motions for summary judgment, as well as the filings regarding sanctions in this matter, plaintiff made demand of Defendant United States, by and through its agents, that Defendant United States:

1. show authority for actions against plaintiff's interest according to the duty to respond,   -or-

2. release the unauthorized lien / levy and return the funds seized,   -or-

3. pay the liquidated damages of the waiver of tort / implied contract,

and such demand has not been shown to be outside the range of remedy available to this Plaintiff. For this Court to deliberately distort the meaning and intent of this element of adequate remedy is to overlook a matter which *'might reasonably have altered the result reached'* if fairly considered.

## Conclusion

As demonstrated herein, if the duty of the United States to respond had been considered by the Court, it "might reasonably have altered the result reached." For this reason and to correct manifest injustice, Plaintiff moves this Court to Reconsider its January 13th, 2012 ruling.

Respectfully submitted,

*/s/ Scott R. Martin*

Scott R. Martin, Plaintiff *pro se*

Date: February 03, 2012

P.O. Box 1407

50 South Virginia St.

Reno, Nevada   89501

Tel: 530-864-7767

## Certificate of Service

This is to certify that a copy of this "Motion for Reconsideration of Dismissal Judgment, of January 13, 2012" is sent U.S.P.S. First Class Certified Mail 7010 0780 0000 5737 7747 to:

Michael J. Ronickher, Esquire

U.S. Department of Justice, Tax Division

Court of Federal Claims Section

Room 8804

555 4th Street, N.W.

Washington, D.C.   20001

*/s/ Scott R. Martin*

Scott R. Martin, Plaintiff *pro se*

Date: February 03, 2012