Case 1:11-cv-00260-ECH Document 41 Filed 02/24/12 Page 1 of 6

**ORIGINAL**

**FILED**

FEB 24 2012

U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 11-260 T
(into which have been consolidated Nos. 11-496 T & 11-756 T)
(Filed: February 24, 2012)

| | |
|---|---|
| SCOTT R. MARTIN, | ) |
| | ) Motion for Reconsideration Denied; No |
| Plaintiff, | ) Change in Controlling Law, No |
| | ) Availability of Previously |
| v. | ) Unavailable Evidence and No |
| | ) Manifest Error of Law or Mistake of |
| THE UNITED STATES, | ) Fact in the Court's Opinion of January |
| | ) 13, 2012 |
| Defendant. | ) |

Scott R. Martin, Reno, NV, pro se.

Michael J. Ronickher, with whom were John A. DiCicco, Principal Deputy Assistant Attorney General, David I. Pincus, Chief, and G. Robson Stewart, Assistant Chief, Tax Division, Court of Federal Claims Section, United States Department of Justice, Washington, DC for defendant.

OPINION and ORDER

HEWITT, Chief Judge

Before the court is plaintiff's Motion for Reconsideration of Dismissal Judgment, of January 13, 2012 (plaintiff's Motion or Pl.'s Mot.), Docket Number (Dkt. No.) 38, filed February 6, 2012. Plaintiff moves the court for reconsideration of the court's January 13, 2012 Opinion and Order, Martin v. United States, No. 11-260 T, 2012 WL 171890 (Fed. Cl. Jan. 13, 2012). See Pl.'s Mot. 2. In Martin, plaintiff claimed that the Internal Revenue Service (IRS or defendant) and plaintiff were parties to an implied contract involving a Notice of Federal Tax Lien (NOFTL) filed by the IRS against plaintiff. Martin, 2012 WL 171890, at *1. Plaintiff claimed that the IRS breached the implied contract by failing to pay plaintiff $4,250,000 under the terms of the implied contract. Id. The court concluded that plaintiff had failed to state a claim upon which relief could be granted and granted defendant's Motion to Dismiss. Id. at *2. Plaintiff

filed this Motion "to correct a manifest injustice in this case" and because, according to plaintiff, "the court overlooked matters probative to establishing both a valid claim and this [c]ourt's jurisdiction, i.e.[:] [d]efendant's duty to respond and show authority for its actions." Pl.'s Mot. 2. For the following reasons, plaintiff's Motion for Reconsideration is DENIED.

I.    Background

Plaintiff claims that defendant filed a NOFTL against plaintiff on August 16, 2010. Compl., Dkt. No. 1, ¶ 2[1]; see also Pl.'s Mot. 2 (claiming that defendant "caused an alleged [NOFTL] and an alleged Notice [o]f Levy to become operative against the interests of [p]laintiff, eventually resulting in the larger part of [p]laintiff's private pension to become attached for credit to IRS"). In February of 2011 plaintiff served upon defendant a letter (February Letter or Feb. Letter) that requested that defendant identify the source of defendant's authority for the filing of the NOFTL against plaintiff. Compl. 1-3 (Feb. Letter); see also Pl.'s Mot. 2 (stating that "[p]laintiff served upon [d]efendant . . . a demand that Treasury / IRS show authority for its actions against [p]laintiff").

Citing, inter alia, United States v. Tweel, 550 F.2d 297, 299 (5th Cir. 1977) and United States v. Prudden, 424 F.2d 1021, 1032 (5th Cir. 1970), cert. denied, 400 U.S. 831 (1970), the February Letter stated that defendant had a duty to respond, Compl. 3 (Feb. Letter). The February Letter also included references to a "Waiver of Tort," which was defined in the letter as "[t]he election by an injured party, for purposes of redress, to treat the facts as establishing an implied contract, which he may enforce, instead of an injury by fraud or wrong, for the committing of which he may demand damages." Compl. 4 (Feb. Letter); see also Pl.'s Mot. 4. The February Letter asserted that defendant's "silence is Implied Consent to this Waiver Of Tort as a contractual agreement." Compl. 4 (Feb. Letter).

Defendant did not respond to the February Letter, id. ¶ 3(k), and plaintiff followed up with a second letter that demanded that defendant wire plaintiff $4,250,000, "should [d]efendant United States choose not to justify its actions [or] return converted funds without penalty," id. ¶¶ 4, 7. Plaintiff alleges that defendant has not responded, "except by its conduct," id. ¶ 8, and seeks a total of $5,750,000 from defendant, see Martin, 2012 WL 171890, at *1.

---

[1] Plaintiff's Complaint consists of six pages of numbered paragraphs, followed by sixteen pages of attached documents and a two-page index to these documents. See generally Compl., Docket Number (Dkt. No.) 1. The attached documents are numbered pages 1 through 16 by plaintiff. Id. When citing to the first six pages of the Complaint, the court cites to the numbered paragraph(s), and, when citing to the attached documents, the court cites to the page number(s) and title of the cited document.

2

Plaintiff seeks reconsideration, asserting that, had the court considered defendant's duty to respond, it "might reasonably have altered the result reached" by the court.[2] Pl.'s Mot. 3 (internal quotation marks omitted). Plaintiff also asserts that reconsideration is necessary to avoid manifest injustice. Id. at 4-6.

II.   Legal Standards

Rule 59(a)(1) governs motions for reconsideration of final decisions. See Rules of the United States Court of Federal Claims (RCFC) 59(a)(1). Rule 59(a)(1) provides that the court may grant a motion for reconsideration for the following reasons:

(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court;

(B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or

(C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." RCFC 59(e). Judgment in this case was entered on January 18, 2012. See J. of Jan. 18, 2012, Dkt. No. 35. Plaintiff's Motion was filed on February 6, 2012, see Pl.'s Mot. 1, and was therefore timely filed.

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed.

---

[2] In plaintiff's Motion for Reconsideration of Dismissal Judgment, of January 13, 2012 (plaintiff's Motion or Pl.'s Mot.), Dkt. No. 38, at 2, plaintiff cites to G-69 v. Degnan, 748 F. Supp. 274 (D.N.J. 1990), for the proposition that the "proper ground for granting a motion for reconsideration, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached,'" G-69, 748 F. Supp. at 275 (quoting N.Y. Guardian Mortgagee Corp. v. Cleland (N.Y. Guardian), 473 F. Supp. 409, 420 (S.D.N.Y. 1979)). This standard has been applied by both the United States District Court for the District of New Jersey and the United States District Court for the Southern District of New York in accordance with their respective local rules. See, e.g., G-69, 748 F. Supp. at 275 (invoking this standard in its discussion of General Rule 12I of the Local Civil and Criminal Rules of the United States District Court for the District of New Jersey); N.Y. Guardian, 473 F. Supp. at 420 (invoking this standard in its discussion of General Rule 9(m) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York). This standard does not comport with the Rules of the United States Court of Federal Claims (RCFC), see RCFC 59(a)(1), and therefore has no bearing on the decision of this court.

3

Cir. 1990). "Motions for reconsideration should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'" Seldovia Native Ass'n, Inc. v. United States, 36 Fed. Cl. 593, 594 (1996) (quoting Roche v. District of Columbia, 18 Ct. Cl. 289, 290 (1883)), aff'd, 144 F.3d 769 (Fed. Cir. 1998). Accordingly, motions for reconsideration are not intended "to give an 'unhappy litigant an additional chance to sway' the court." Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)).

A motion for reconsideration must be supported by a showing of exceptional circumstances justifying relief, based on a manifest error of law or mistake of fact. See Henderson Cnty. Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003); Principal Mut. Life Ins. Co. v. United States, 29 Fed. Cl. 157, 164 (1993). "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." Matthews, 73 Fed. Cl. at 526. "Manifest" is understood as "clearly apparent or obvious." Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002). "'Manifest injustice' thus refers to injustice that is apparent to the point of almost being indisputable." Pac. Gas. & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006), rev'd in part on other grounds, 536 F.3d 1282 (Fed. Cir. 2008).

A court "will not grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made . . . all of which were carefully considered by the [c]ourt.'" Ammex, Inc., 52 Fed. Cl. at 557 (omissions in original) (quoting Principal Mut. Life Ins. Co., 29 Fed. Cl. at 164). Moreover, even a pro se party may not "prevail on a motion for reconsideration by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." Matthews, 73 Fed. Cl. at 525-26 (citing Lamle v. Mattel, Inc., 394 F.3d 1355, 1359 n.1 (Fed. Cir. 2005)). Similarly, a motion for reconsideration "should not be based on evidence that was readily available at the time the motion was heard." Seldovia Native Ass'n, Inc., 36 Fed. Cl. at 594.

III.   Discussion

    A.   Plaintiff Has Shown No Change in Controlling Law

Plaintiff fails entirely to argue that there has been a change in controlling law. Instead, in support of his Motion for Reconsideration, plaintiff recites the same sentences

4

from Tweel[3] that plaintiff included in his February Letter to defendant. Compare Pl.'s Mot. 3, with Compl. 3 (Feb. Letter). Specifically, see Pl.'s Mot. 3, plaintiff points to the following: "'Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading,'" Tweel, 550 F.2d at 299 (quoting Prudden, 424 F.2d at 1032). Plaintiff contends that the failure of the IRS to respond to plaintiff's February Letter could "constitute[] a fraud in the context of [Tweel]," and that the court could "have found that Waiver Of Tort . . . is a valid remedy." Pl.'s Mot. 4; see also id. at 6.

Plaintiff previously made this argument in both his February Letter, see Compl. 3-4 (Feb. Letter)--which the Complaint incorporated by reference, see Compl. ¶¶ 2-3--and his motion for summary judgment, see Pl.'s Mot. for Summ. J. on the Liquidated Damages of Implied Contract Table of Auths. & Indexed Proof of Claim [A]ttached, Dkt. No. 12, at 7-8. The court carefully considered this argument and found that plaintiff had failed to state a claim upon which relief could be granted.[4] See Martin, 2012 WL 171890, at *2-3, 5-6. Plaintiff must do more than reassert arguments that were previously made and carefully considered by the court. Ammex, Inc., 52 Fed. Cl. at 557. Plaintiff's dissatisfaction with the court's findings is not cause for the court to reconsider its decision. See Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999); Matthews, 73 Fed. Cl. at 525. Plaintiff has failed to show that there has been a change in applicable law, and he is therefore not entitled to reconsideration on this ground. See Matthews, 73 Fed. Cl. at 526.

B.   Plaintiff Has Raised No Previously Unavailable Evidence

Plaintiff does not raise new evidence in his Motion. Compare Pl.'s Mot., with Compl. A party, whether appearing through counsel or pro se, cannot prevail on a

---

[3] Plaintiff's quotation of United States v. Tweel, 550 F.2d 297 (5th Cir. 1977) consists of four sentences that appear to be a paragraph quoted directly from Tweel. Pl.'s Mot. 3; see also Compl. 3 (Feb. Letter) (listing the same four sentences in paragraph format). Although the sentences are nearly accurately quoted, they are unrelated and span two pages and a footnote. See Tweel, 550 F.2d at 299-300, 300 n.9.

[4] To the extent that plaintiff argues that he could recover from the government under a contract implied-in-law through a Waiver of Tort, see Pl.'s Mot. 4, 6, this court does not have jurisdiction over such claims, see Martin v. United States, No. 11-260 T, 2012 WL 171890, at *4 n.7 (Fed. Cl. Jan. 13, 2012); Merritt v. United States, 267 U.S. 338, 341 (1925) ("The Tucker Act does not give a right of action against the United States in those cases where, if the transaction were between private parties, recovery could be had upon a contract implied in law."). "[T]he Tucker Act extends only to implied-in-fact contracts." Citizens Ins. Co. of Am. v. United States, No. 11-257 C, 2011 WL 6934813, at *8 (Fed. Cl. Dec. 29, 2011); cf. Martin, 2012 WL 171890, at *4-5 (finding that plaintiff had failed to allege the necessary elements of an implied-in-fact contract with the United States).

motion for reconsideration by raising an issue that was litigated or could have been litigated at the time the complaint was filed. Matthews, 73 Fed. Cl. at 525-26 (construing pro se plaintiff's pleadings liberally but nevertheless finding that a pro se plaintiff cannot prevail on reconsideration by offering previously available evidence). Plaintiff has pointed to no previously unavailable evidence that would make reconsideration appropriate.

        C.      Plaintiff Has Not Demonstrated Manifest Injustice

Plaintiff has also failed to demonstrate that there has been manifest injustice. Plaintiff's Motion instead argues that, contrary to the court's findings, see Martin, 2012 WL 171890, at *4-6, the elements of an implied contract are in fact present here, Pl.'s Mot. 5-7. Plaintiff invokes the Waiver of Tort argument discussed above, see supra Part III.A, to support his argument, Pl.'s Mot. 6. Plaintiff may well be dissatisfied with the court's findings, but dissatisfaction does not warrant reconsideration. See Fru-Con Constr. Corp., 44 Fed. Cl. at 300; Seldovia Native Ass'n, Inc., 36 Fed. Cl. at 594. Plaintiff has failed to demonstrate the manifest injustice necessary to prevail on a motion for reconsideration. See Pac. Gas. & Elec. Co., 74 Fed. Cl. at 785.

IV.     Conclusion

Because plaintiff's Motion for Reconsideration failed to demonstrate an intervening change in the controlling law, the availability of previously unavailable evidence or the necessity of allowing the motion to prevent manifest injustice caused by an error of law or mistake of fact, plaintiff's Motion is DENIED. No costs.

IT IS SO ORDERED.

EMILY C. HEWITT
Chief Judge